IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JBB INVESTMENTS LLC, ET AL. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:08CV00003 SWW |
| FAZOLI'S FRANCHISING SYSTEMS LLC; ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

**ORDER**

Plaintiffs JBB Investments LLC, J.T.Barr, Jerry Jones, James Barr, Phillip Barr, and Stacey Barr Wilcox commenced this case involving a contract dispute in state court. Separate Defendant Fazoli's Franchising Systems LLC ("Fazoli's") removed to this Court, asserting federal jurisdiction on the basis of diversity of citizenship between the parties. Now before the Court is Plaintiffs' motion for remand (docket entry #27) and Fazoli's response in opposition (docket entry #39). After careful consideration, and for the reasons that follow, the Court finds that it lacks subject matter jurisdiction and that this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).[1]

**I.**

The following information is taken from the complaint and copies of written instruments

---

[1] 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

attached to the complaint.  In 1995, Pasta Concepts, Inc. entered a franchise agreement with Fazoli's, providing that Pasta Concepts, Inc. would operate a Fazoli's restaurant in Jonesboro, Arkansas.  Subsequently, Pasta Concepts, Inc. and Fazoli's entered additional restaurant franchise agreements for restaurants in various locations in Arkansas, Georgia, and South Carolina.

In 1998, Pasta Concepts, Inc. was dissolved and the corporation's assets and liabilities were transferred to Pasta Concepts LLC.  On January 9, 1998, Pasta Concepts LLC and Fazoli's agreed that all franchise agreements in place between Pasta Concepts, Inc. and Fazoli's would be assigned to Pasta Concepts LLC.   The assignment agreement between Pasta Concepts LLC and Fazoli's provides that Fazoli's will consent to the assignment provided that "members holding an interest in [Pasta Concepts LLC] of ten percent . . . or greater personally guarantee [Pasta Concepts LLC's] undertakings under the franchise agreements."  Docket entry #2, Ex. #15.

Pursuant to the assignment agreement, Plaintiffs signed guaranty agreements, guaranteeing Pasta Concept LLC's performance under its existing franchise agreements with Fazoli's.  *See* docket entry #2, Exhibit Nos. 1-11.    Separate Defendants GWO Investments, George W. Osborne, Janice M. Osborn, Lawrence M. Osborn, George M. Osborn, CMD Investments LLC, Craig Boone, Keystone Unlimited LLC, Weldon Sandberg, Thomas Smith, David Francis, Darrell Reed, and Larry Benzig, hereinafter collectively referred to as "Guarantor Defendants," also signed the guaranty of franchise agreements, which provide that each guarantor agrees that his, her, or its liability under the agreement shall be joint and several.  *See id*.

On December 29, 1999, Pasta Concepts LLC entered a management agreement with

Defendant Osmar Corporation ("Osmar"), stating that Osmar would act as the general operating manager of Fazoli's restaurants operated by Pasta Concepts LLC.  Docket entry #2, Ex. #18. Osmar agreed to comply with all of Fazoli's requirements set forth in the franchise agreements between Fazoli's and Pasta Concepts LLC.  *Id*.  Plaintiffs assert that Osmar breached the management agreement by failing to comply with the franchise agreement requirements. Beginning in 2002 and continuing through 2007, Fazoli's terminated all franchise agreements with Pasta Concepts LLC.

Plaintiffs filed this lawsuit in state court, seeking relief under the Arkansas Declaratory Judgment Act ("ADJA") to resolve disputes among the parties regarding any debts owed under the guaranty agreements.  Plaintiffs allege that Fazoli's has demanded $2,905,802.51 from them and the Guarantor Defendants.   According to Plaintiffs, the guaranty agreements were materially altered without their consent, and such alteration releases them from all guarantee obligations.  While denying that any amounts are owed under the guaranty agreements, Plaintiffs seek contribution and indemnity from Guarantor Defendants "to the extent that any Plaintiff is required to pay an amount in excess of his, her or its proportionate pro rate share of the liability found to exist."  Docket entry #2, ¶ 96.

In addition to seeking declaratory relief with respect to obligations under the guaranty agreements, Plaintiffs charge Fazoli's with breach of contract, breach of fiduciary duty, negligence, fraud, usury, intentional interference with business expectations, and violations of the Arkansas Franchise Practices Act and the Arkansas Procedural Fairness for Restaurant Franchises Act.   Plaintiffs also sue Osmar for breach of contract and negligence, seeking damages and "contribution and indemnity for any damages which are found to be owed to

Fazoli's."  Docket entry #2, ¶¶ 153, 160.

Fazoli's is a resident of a state other than Arkansas, and Plaintiffs, the Guarantor Defendants, and Defendant Osmar are residents of Arkansas.   Notwithstanding the absence of complete diversity of citizenship between the parties, and the lack of any claim arising under federal law, Fazoli's removed the case to this federal court on the basis of diversity jurisdiction.

Following removal, Plaintiffs moved for remand.  Thereafter, Defendants Boone, Smith, and Benzig filed a cross-claim against Fazoli's and Osmar, and Defendants Boone, Smith, Benzig, and Keystone Unlimited LLC filed a separate motion for remand.  Finally, Fazoli's filed a motion to dismiss or transfer the cross-claim by Defendants Boone, Smith, and Benzig.

**II.**

Under 28 U.S.C. § 1441(a), a defendant may remove only those cases that originally might have been brought in federal court.  Accordingly, a case may not be removed on the basis of diversity of citizenship unless the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  As the party seeking removal, Fazoli's shoulders the burden to establish jurisdiction, and the Court must resolve all doubts in favor of remand.  *See In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993).

Plaintiffs assert that the Court lacks subject matter jurisdiction and the case must be remanded because complete diversity of citizenship between the parties does not exist.   In opposition to remand, Fazoli's asserts that Guarantor Defendants' interests are identical to Plaintiffs', thus Guarantor Defendants should be realigned as plaintiffs in this case. Additionally, Fazoli's asserts that Plaintiffs' claims against Osmar are separate and independent

causes of action that should be excised from this case and decided in state court.[2]

"The generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." Federal Practice and Procedure § 3607 (2d. ed. 1994)(citing *Hamer v. New York Rys. Co.*, 244 U.S. 266, 37 S.Ct. 511 (1917)). The Court must determine whether an actual controversy exists between opposing parties, regardless of whether the controversy exists on a primary or non-primary issue. *See Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870-71 (8th Cir. 1966)(referring to the "principal purpose of the suit" but requiring only a "substantial controversy" on any issue between the parties). Here, Fazoli's argues that Plaintiffs and Guarantor Defendants have identical interests with respect to the guaranty agreements, and Plaintiffs' claims for contribution and indemnity from the Guarantor Defendants are merely ancillary matters that do not preclude realignment of the parties. Defendants also contend that Plaintiffs "used" a claim for declaratory relief under the ADJA as a means to "fix venue" in Arkansas.

The purpose of the ADJA is to "prevent 'uncertainty and insecurity with respect to rights, status, and other legal relations.'" *Stilley v. James*, 345 Ark. 362, 372-73, 48 S.W.3d 521, 528 (2001)(determining rights and responsibilities of various parties under an indemnification agreement pursuant to the Arkansas Declaratory Judgment Act). The ADJA is to be "liberally construed and administered" and "any person interested under a ... written contract ... or his rights, status, or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of

---

[2]Because the Court finds that Guarantor Defendants should not be realigned as plaintiffs and that Fazoli's has failed to show fraudulent joinder, the Court will not address Fazoli's arguments regarding Plaintiffs' claims against Osmar.

rights, status, or other legal relations thereunder." Ark. Code Ann. § 16-111-104.

The Supreme Court of Arkansas has held that there are four requisite conditions before declaratory relief may be granted under the ADJA: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; and (4) the issue involved in the controversy must be ripe for judicial determination. *See Arkansas Dep't of Human Servs. v. Ross-Lawhon, 290 Ark. 578, 579, 721 S.W.2d 658, 658 (1986).* It is clear that the requisite conditions are met in this case: Fazoli's has demanded payment under the guaranty agreements, Plaintiffs claim that material alterations of the agreements effectively discharged their guaranty obligations, and Plaintiffs seek a declaration regarding the parties' rights and obligations under the agreements.

As for naming the Guarantor Defendants as adverse parties, the ADJA provides that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Ark. Code Ann. § 16-111-106. Here, Plaintiffs seek contribution and indemnity from the Guarantor Defendants "to the extent that any Plaintiff is required to pay an amount in excess of his, her or its proportionate pro rate share of the liability found to exist." Docket entry #2, ¶ 96. Defendants deny that Plaintiffs are entitled to contribution or indemnity. *See* docket entries #13. ¶ 96; #19, #96; #26, ¶ 96. Although Plaintiffs and Guarantor Defendants are on the same side of fence as to whether the guaranty obligations have been discharged, they are on opposite sides regarding Plaintiffs' claims for contribution and indemnification. The Court finds that this actual and substantial controversy precludes realignment of Guarantor Defendants as plaintiffs.

The Eighth Circuit has held that when diversity jurisdiction is lacking, "the [defendant] may avoid remand–in the absence of a substantial federal questions--only by demonstrating that the non-diverse party was fraudulently joined." *Fila v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)(citing *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). The Eighth Circuit has defined fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Fila*, 336 F.3d at 809. Joinder is fraudulent only when applicable state precedent *precludes* the existence of a cause of action against a non-diverse defendant. *Fila*, 336 F.3d at 810.

In deciding the question of fraudulent joinder, a district court's task "is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* The Court "has no responsibility to definitively settle the ambiguous question of state law." *Id.* In this case, the Court finds that under Arkansas law, a reasonable basis exists for predicting that liability might be imposed upon Plaintiffs under the guaranty agreements and that Plaintiffs may have a right to contribution or indemnity from Guarantor Defendants. *See Larson Mach., Inc. v. Wallace*, 268 Ark. 192, 213, 600 S.W.2d 1, 12 (explaining that the right to indemnity may be based upon an implied contract or quasi contract). Even in situations where the sufficiency of a complaint against a non-diverse defendant is questionable, "'the better practice is . . . not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Fila,* 336 F.3d at 811(quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). In sum, the Court finds no grounds for fraudulent joinder in this case.

## III.

For the reasons stated, the Court finds that subject matter jurisdiction is lacking and that this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).  IT IS THEREFORE ORDERED that Plaintiffs' motion for remand (docket entry #27) is GRANTED.  This cause of action is hereby REMANDED to the Circuit Court of Craighead County, Arkansas,  pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that all remaining motions pending in this case are DENIED AS MOOT.

IT IS SO ORDERED THIS 25th DAY OF JUNE, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE